## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CURTIS WORMSBAKER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | NO. 3:12-CV-732-N (BF) |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **Commissioner of Social Security** | § | |
| | § | |
| **Defendant.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Curtis Wormsbaker, by and through his counsel of record, has filed a motion for $3,307.47 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq.*, as the prevailing party in this social security case. The fee request represents 1.25 hours of attorney work performed in 2011 at a billing rate of $177.91 per hour and 17 hours of attorney work performed in 2012 at a rate of $181.24 per hour. Plf. Mot. at 3-4 & Exh. A. Plaintiff's counsel requests that, if the EAJA fees are not subject to any offset under the Treasury Offset Program, the award be paid directly to her law firm. *Id.* at 1. The Commissioner does not contest the amount of fees requested, *see* Def. Resp. at 1, but argues that such fees should be paid directly to Plaintiff.

In support of this argument, the Commissioner relies on *Ratliff v. Astrue*, ___ U.S. ___, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), wherein the Supreme Court made clear that an award of attorney's fees under the EAJA is the property of the plaintiff as the "prevailing party." But where the plaintiff has entered into a pre-litigation assignment of fees to his attorney, "the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that

may be prior to what [he] owes to [his] lawyer." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011). Here, Plaintiff has assigned his EAJA fees to counsel, *see* Plf. Mot., Exh. B, and there is no suggestion of any pre-litigation debts owed by Plaintiff whose collection would be unfairly circumvented by paying such fees directly to his attorney. Under these circumstances, the assignment should be honored. *Mathews-Sheets*, 653 F.3d at 565-66; *see also Robertson v. Astrue*, No. 3:10-CV-1669-BD (N.D. Tex. Nov. 22, 2011).

### RECOMMENDATION

Plaintiff's motion for attorney's fees (Doc. 23) should be GRANTED, and Plaintiff should be awarded attorney's fees under the EAJA in the amount of $3,307.47. Such fees should be paid directly to Julie L. Glover, counsel for Plaintiff.

SO RECOMMENDED.

DATED: April 29, 2013.


_____

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).